value, other than ores or concentrates or crude metal, which were imported to be used in remanufacture by melting, and that they have been used in remanufacture by melting. An examination of the papers disclosed that affidavits have been filed in accordance with regulations prescribed by the Secretary of the Treasury pursuant to Public Law 869, *supra.* Upon the record presented, it was held that the merchandise comes within the provisions of Public Law 869, *supra,* and is properly entitled to free entry.

**No. 56451.**—Oakwood Textiles, Inc. *v.* United States, protests 141630–K, etc. (New York).

Opinion by FORD, J. It was stipulated that certain items of the involved merchandise consist of woven fabrics in the piece, wholly of silk, bleached, and valued at more than $5.50 per pound, the same in all material respects as those passed upon in *Walter Strassburger & Co., Inc., et al.* v. *United States* (26 Cust. Ct. 210, C. D. 1326). Accepting the stipulation as a statement of fact and following the cited authority, the claim of the plaintiff was sustained.

**No. 56452.**—Glensder Textile Corp. *v.* United States, protests 141869–K, etc. (New York).

Opinion by FORD, J. It was stipulated that certain items of the involved merchandise consist of woven silk fabrics, valued at more than $5.50 per pound, the same in all material respects as those passed upon in *Walter Strassburger & Co., Inc., et al.* v. *United States* (26 Cust. Ct. 210, C. D. 1326). Accepting the stipulation as a statement of fact and following the cited authority, it was held that the merchandise imported or withdrawn from warehouse prior to January 1, 1948, is dutiable at 45 percent under paragraph 1205, as modified by T. D. 48316, and that which was imported or withdrawn from warehouse subsequent to said date is dutiable at 25 percent under said paragraph, as modified by T. D. 51802.

**No. 56453.**—Axel Fabrics, Inc., et al. *v.* United States, protests 143258–K, etc. (New York).

Opinion by FORD, J. It was stipulated that certain items of the involved merchandise consist of woven silk fabrics, valued at more than $5.50 per pound, the same in all material respects as those passed upon in *Walter Strassburger & Co., Inc., et al.* v. *United States* (26 Cust. Ct. 210, C. D. 1326). Accepting the stipulation as a statement of fact and following the cited authority, it was held that the merchandise imported or withdrawn from warehouse prior to January 1, 1948, is dutiable at 45 percent under paragraph 1205, as modified by T. D. 48316, and that which was imported or withdrawn from warehouse subsequent to said date is dutiable at 25 percent under said paragraph, as modified by T. D. 51802.

**No. 56454.**—American Import Company et al. v. United States, protests 596608–G, etc. (Los Angeles).

Opinion by FORD, J. The protests were dismissed.

**No. 56455.**—Air Express International v. United States, protests 170583–K, etc. (Tampa).

Opinion by FORD, J. The protests were dismissed.

BEFORE THE THIRD DIVISION, MARCH 4, 1952

**No. 56456.**—Cresca Co., Inc., et al. v. United States, protests 669819–G, etc. (New York).

Opinion by JOHNSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 56457.**—Robert B. Adelman, Inc., et al. v. United States, protests 174809–K, etc. (New York).

Opinion by JOHNSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 56458.**—Herman C. Kupper, Inc., et al. v. United States, protests 175177–K, etc. (New York).

Opinion by JOHNSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.